4
**JASON BLUMBERG, NY State Bar No. 4055257**
Trial Attorney
ANTONIA G. DARLING, State Bar No. 76190
Assistant United States Trustee
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814-2322
(916) 930-2100 / Fax (916) 930-2099
Antonia.Darling@usdoj.gov
Jason.blumberg@usdoj.gov

Attorneys for United States Trustee,
Region 17, Tracy Hope Davis

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:                                          Case No. 16-22134-D-7

                                                DC No.: UST-1

**STANLEY MAYFIELD,**

                                                Date: June 15, 2016
                                                Time: 10:00 a.m.
                                                Dept.: D
                    Debtor.                     Courtroom: 34
_____/

### MOTION OF THE UNITED STATES TRUSTEE
### FOR IMPOSITION OF SANCTIONS

The United States Trustee for the Eastern District of California (the "**UST**") hereby

moves (the "**Motion**") the Court to enter an order imposing sanctions against **Pauldeep Bains,**

**Esq.,** for violating Local Bankruptcy Rule 9004-1(c).  In support of the Motion, the UST

respectfully states as follows:

1.    The Petition, Schedules and Statement of Financial Affairs in this case each bears the Debtor's electronic signature.[1]  Thus, by filing the documents, Mr. Bains represented to the Court that he possessed the Debtor's original signatures at the time of filing.[2]

2.    This representation was false.  At the time of filing, Mr. Bains instead possessed only electronic signatures that were generated and affixed to the bankruptcy documents by the **DocuSign** service.[3]  Thus, Mr. Bains violated Local Bankruptcy Rule 9004-1(c).

3.    DocuSign is a company that is used to electronically sign documents in compliance with the Electronic Signatures in Global and National Commerce Act (the "**ESIGN Act**").  The **ESIGN Act** provides, in relevant part, that "a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form."  This provision, however, does <u>not</u> apply to documents executed in connection with court proceedings.[4]

4.    The UST has no reason to suspect bad faith.  By all indications, Mr. Bains reviewed the bankruptcy documents with the Debtor, and the Debtor approved the documents before they were filed.

5.    Still, the use of DocuSign-generated signatures represents a significant departure from the current practice before this Court.   Mr. Bains should have obtained Court approval

---

[1]    See <u>Exhibit 1</u> to the Motion, at pp. 8, 34 and 43; Declaration of Tina Spyksma filed herewith (the "**Spyksma Declaration**"), at ¶ 3.

[2]    See Local Bankruptcy Rule 9004-1(c)(1)(C).

[3]    See Declaration of Irma H. Garcia filed herewith (the "**Garcia Declaration**"), at ¶¶ 3-7; <u>Exhibit 5</u> to the Motion (emails); <u>Exhibit 6</u> (documents received from counsel), at pp. 339, 365, and 374; <u>Exhibit 7</u> to the Motion (declaration from Debtor), at pp. 380-83 (¶¶ 9, 12-14).

[4]    See 15 U.S.C. §§ 7001(a)(1) and 7003(b)(1).

before using the new procedure in this case (as well as in Case Nos. 16-22021-C-7, 16-22022-A-7, and 16-22023-C-7).[5]

6.    DocuSign may be a modern and cost-effective tool for obtaining client signatures in other contexts.  But it is not clear that it provides the same level of protection as an original manual signature.  What if, for instance, a debtor denies signing a document and instead claims that a spouse, child or roommate had access to the debtor's computer or email account?

7.    By requiring e-filers to possess original manual signatures, the Court's electronic filing rules diminish these uncertainties.

8.    The Motion is based upon the memorandum of points and authorities filed herewith (the "**MPA**"); the Spyksma Declaration; the Garcia Declaration; the record in this case; and such evidence as may be filed to supplement the Motion, or as may be introduced at the hearing on the Motion.  Judicial notice is requested of all documents filed in this case, including those referenced herein and in the MPA, pursuant to Rule 201 of the Federal Rules of Evidence.

///

///

///

---

[5]    See Garcia Declaration, at ¶¶ 3-6; Exhibits 2-4 to Motion (petitions and schedules); Exhibit 5 to the Motion (emails); Exhibit 6 (documents received from counsel), at pp., 196, 221, and 228 (Case No. 16-22021-C-7), pp. 241, 270, and 279 (Case No. 16-22023-C-7), pp. 292, 317, and 326 (Case No. 16-22022-A-7).

**WHEREFORE,** The UST respectfully requests that the Court enter an order (i) imposing sanctions against Pauldeep Bains, Esq.,[6] for violating Local Bankruptcy Rule 9004-1(c), and (ii) granting such other relief as the Court deems just and proper.

Executed in Sacramento, California on May 3, 2016.

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE


By: /s/ Jason Blumberg
JASON BLUMBERG

Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814-2322
Direct Phone: (916) 930-2076
Fax: (916) 930-2099
E-mail: Jason.blumberg@usdoj.gov

---

[6]    The UST believes that a nominal sanction is appropriate.  The UST suggests that the Court require Mr. Bains to complete the on-line training entitled "How to e-File in the eCalWebFiling Website," which the Court offers on its website.