Case 16-22134    Filed 05/03/16    Doc 12

8
**JASON BLUMBERG, NY State Bar No. 4055257**
Trial Attorney
**ANTONIA G. DARLING**, State Bar No. 76190
Assistant United States Trustee
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814-2322
(916) 930-2100 / Fax (916) 930-2099
Antonia.Darling@usdoj.gov
Jason.blumberg@usdoj.gov

Attorneys for United States Trustee,
Region 17, Tracy Hope Davis

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 16-22134-D-7 |
| | DC No.: UST-1 |
| **STANLEY MAYFIELD,** | |
| | Date: June 15, 2016 |
| | Time: 10:00 a.m. |
| | Dept.: D |
| Debtor. | Courtroom: 34 |
| _____/ | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION OF THE UNITED STATES TRUSTEE
FOR IMPOSITION OF SANCTIONS**

The United States Trustee for the Eastern District of California (the "**UST**") hereby submits this memorandum of points and authorities in support of her motion (filed herewith) (the "**Motion**") for an order imposing sanctions against Pauldeep Bains, Esq., for violating Local Bankruptcy Rule 9004-1(c).

1

## I. PRELIMINARY STATEMENT

The Petition, Schedules and Statement of Financial Affairs in this case each bears the Debtor's electronic signature. Thus, by filing the documents, Mr. Bains represented to the Court that he possessed the Debtor's original signatures at the time of filing. See Local Bankruptcy Rule 9004-1(c)(1)(C).

This representation was false. At the time of filing, Mr. Bains instead possessed only electronic signatures that were generated and affixed to the bankruptcy documents by the **DocuSign** service. Thus, Mr. Bains violated Local Bankruptcy Rule 9004-1(c).

DocuSign is a company that is used to electronically sign documents in compliance with the Electronic Signatures in Global and National Commerce Act (the "**ESIGN Act**"). The **ESIGN Act** provides, in relevant part, that "a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form." See 15 U.S.C. § 7001(a)(1). This provision, however, does not apply to documents executed in connection with court proceedings. See 15 U.S.C. § 7003(b)(1).

The UST has no reason to suspect bad faith. By all indications, Mr. Bains reviewed the bankruptcy documents with the Debtor, and the Debtor approved the documents before they were filed.

Still, the use of DocuSign-generated signatures represents a significant departure from the current practice before this Court. Mr. Bains should have obtained Court approval before using the new procedure in this case (as well as in Case Nos. 16-22021-C-7, 16-22022-A-7, and 16-22023-C-7).

DocuSign may be a modern and cost-effective tool for obtaining client signatures in other contexts. But it is not clear that it provides the same level of protection as an original manual

signature. What if, for instance, a debtor denies signing a document and instead claims that a spouse, child or roommate had access to the debtor's computer or email account?

By requiring e-filers to possess original manual signatures, the Court's electronic filing rules diminish these uncertainties.

## II. STATEMENT OF FACTS

1.  Mr. Bains is the attorney of record for the Debtor in this case. He filed this case on behalf of the Debtor on April 4, 2016 (the "**Petition Date**"). See Petition, at p.7.[1]

2.  Mr. Bains is associated with a firm called the "Bankruptcy Law Group, PC." Mr. Bains and/or his firm agreed to accept $1,700 to represent the Debtor in this case. Apparently, this amount will be paid after the Petition Date. See Exhibit 1 to the Motion, at pp. 9, 40, 48.

3.  On the Petition Date, Mr. Bains filed, among others, the following documents in this case (the "**Bankruptcy Documents**"): (i) the Petition; (ii) the "Declaration About an Individual Debtor's Schedules"; and (iii) the Statement of Financial Affairs. See Exhibit 1 to the Motion, at pp. 3-10, 34, 37-43.

4.  Each of the Bankruptcy Documents bears the Debtor's electronic signature. See Exhibit 1 to the Motion, at pp. 8, 34 and 43. Thus, by filing these documents, Mr. Bains represented that he had the Debtor's original signatures in his possession at the time of filing. See Local Bankruptcy Rule 9004-1(c)(1)(C).

5.  By email on April 7, 2016, the UST's office requested that Mr. Bains provide copies of original signatures for the Bankruptcy Documents. See Declaration of Irma H. Garcia filed herewith (the "**Garcia Declaration**"), at ¶¶ 3-4; Exhibit 5 to the Motion (emails), at pp. 186-87.

---

[1] The Petition, Schedules and Statements (docket no. 1) are filed herewith as Exhibit 1 to the Motion. See Declaration of Tina Spyksma filed herewith, at ¶ 3.

6. In the same email, the UST's office also requested that Mr. Bains provide copies of original signatures for the petition and schedules filed in the following additional cases (the "**Additional Cases**"):

- Case No. 16-22021-C-7 (In re Janis Broumley);

- Case No. 16-22022-A-7 (In re Richard Pagan and Nicole Pagan); and

- Case No. 16-22023-C-7 (In re James Dean and Donna Dean);

See Garcia Declaration, at ¶¶ 3-4; Exhibit 5 to the Motion (email), at pp. 186-87.

7. Mr. Bains is counsel of record for the debtors in each of the Additional Cases. See Exhibits 2, 3, and 4 to the Motion, at pp. 55, 98, and 143.

8. Mr. Bains did not provide original manual signatures in response to the UST's request. He instead produced documents with electronic signatures that appear to be the same as those on the documents' filed counterparts. See Garcia Declaration, at ¶¶ 5-6; Exhibit 5 to the Motion (emails); Exhibit 6 (documents received from counsel), at pp., 196, 221, and 228 (In re Broumley), pp. 241, 270, and 279 (In re Dean), pp. 292, 317, 326 (In re Pagan), pp. 339, 365, and 374 (In re Mayfield).

9. The UST is informed and believes that the Debtor "signed" his Bankruptcy Documents using the **DocuSign** service.[2] That is, the Debtor viewed the Bankruptcy Documents on a computer after receiving a DocuSign link via email. After clicking on the link, the Debtor

---

[2] DocuSign is a company that is used to electronically sign documents in compliance with the Electronic Signatures in Global and National Commerce Act (codified at 15 U.S.C. § 7001 et. seq.) (the "**ESIGN Act**"). See Newton v. Am. Debt Servs., Inc., 854 F. Supp. 2d 712, 731 (N.D. Cal. 2012). The **ESIGN Act** provides, in relevant part, that "a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form." See 15 U.S.C.A. § 7001(a)(1). This provision, however, does not apply to court documents required to be executed in connection with court proceedings. The exempted court documents include "briefs, pleadings, and other writings." See 15 U.S.C.A. § 7003(b)(1).

indicated his intent to electronically "sign" the documents by clicking on "Sign Here" buttons. The DocuSign service then generated and affixed electronic signatures to the Bankruptcy Documents.  See Exhibit 7 to the Motion (declaration from Debtor), at pp. 380-83 (¶¶ 9, 12-14); Garcia Declaration, at ¶ 7.

10. In other words, the Debtor did not manually sign his Bankruptcy Documents prior to their filing with the Court.

### III.    POINTS AND AUTHORITIES

The UST is statutorily obligated to monitor the administration of cases commenced under Chapters 7, 11, 12 and 13 of the Bankruptcy Code.  See 28 U.S.C. § 586(a)(3).  The UST has standing to raise, and to appear and be heard on, any issue in any bankruptcy case or proceeding. See 11 U.S.C. § 307.

**A.    Mr. Bains Should Be Sanctioned for Violating Local Rule 9004-1(c)(1).**

Adherence to a court's electronic filing rules is critical to the integrity of the electronic filing system.  See In re Harmon, 435 B.R. 758, 767 (Bankr. N.D. Ga. 2010) ("[A]dherence of attorneys to the local rules regarding electronic signatures is imperative.") (emphasis added).

Here, the Court's electronic filing rules are set forth in Local Bankruptcy Rule 9004-1(c) and (d).  Local Rule 9004-1(c)(1) provides in relevant part that:

> [t]he use of "/s/ Name" or a software-generated electronic signature on documents constitutes the registered user's representation that an originally signed copy of the document exists and is in the registered user's possession at the time of filing.

See Local Rule 9004-1(c)(1)(C) (emphasis added). When an electronic signature is used, the filer "shall retain" the originally signed document for no less than three years following the closing of the case.  See Local Rule 9004-1(c)(1)(D).

Taken together, subparagraphs (C) and (D) of Local Rule 9004-1(c)(1) clearly prohibit electronic filers from using electronic signatures unless the filers have the corresponding original signatures in their possession at the time of filing.

Under the Court's Local Rules, an original signature is an original <u>manual</u> signature or an image thereof. <u>See</u> Local Rule 9014-1(d) ("For the purposes of this Rule, the image of an original <u>manual</u> signature on a facsimile (fax) copy … filed pursuant to this Rule shall constitute an original signature for all court purposes.") (emphasis added).

### 1. **Mr. Bains Violated the Local Rule on Electronic Filing.**

The Debtor did not manually sign his Bankruptcy Documents before they were filed. Thus, at the time Mr. Bains filed the Bankruptcy Documents, he could not have possessed the Debtor's original manual signatures. To the contrary, Mr. Bains possessed only the signatures that were generated by DocuSign. <u>See</u> ¶¶ 4-6, 8-9, <u>supra</u>.

As a consequence, Mr. Bains violated Local Rule 9014-1(c).

### 2. **Sanctions Are Appropriate.**

A court may sanction attorneys for violating its local rules. <u>See</u> <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473, 1478-80 (9th Cir. 1989); 11 U.S.C. § 105. This authority stems from <u>both</u> the court's inherent authority <u>and</u> the legislative grant of authority to promulgate rules. <u>See</u> <u>Zambrano</u>, 885 F.2d at 1478-79.

Federal courts possess the inherent authority to take measures in support of the lawful exercise of their judicial power. <u>See</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991). Pursuant to section 105(a), a court may issue sanctions where a party or counsel has violated a court order or rule. <u>See</u> <u>In re Evergreen Sec., Ltd.</u>, 570 F.3d 1257, 1273 (11th Cir. 2009).

Moreover, Local Bankruptcy Rule 9004-1 expressly provides that an attorney can be sanctioned for violating the rule.  See Local Rule 9004-1(a) ("Any attorney . . . who files a document in violation of this Rule may be subject to monetary or non-monetary sanctions.").

Because the authority is not derived exclusively from the court's inherent judicial power, a court may sanction attorneys for violations of the local rules that do not rise to the level of bad faith.  Compare In re Lehtinen, 564 F.3d 1052, 1058 (9th Cir. 2009) (A bankruptcy court's inherent authority allows it to sanction "bad faith" or "willful misconduct") with In re Zambrano, 885 F.2d at 1480.

Courts may instead sanction attorneys for violations that amount to only "recklessness [or] gross negligence."  See Denham v. Hawaiian Electric Co., Inc., 2010 WL 363218, at *2 (D. Haw. Jan. 29, 2010) ("The Court is not required to find that Plaintiff prosecuted the case in bad faith or deliberately violated a court order. Under Zambrano, a district court may impose a reasonable fine for conduct amounting to recklessness, gross negligence, repeated although unintentional flouting of the rules, or willful misconduct.")

Here, the violation of the Local Rules does not appear to be the product of bad faith.  By all indications, Mr. Bains reviewed the Bankruptcy Documents with the Debtor, who approved the documents before they were filed.

Still, signatures generated by DocuSign are clearly not original manual signatures.  And, while DocuSign may be a modern and cost-effective tool for obtaining client signatures in other contexts,[3] it represents a significant departure from the current practice before this Court.

---

[3] For instance, consistent with the ESIGN Act, DocuSign may be commonly accepted in real estate transactions.  However, as noted above, the signature provisions of the ESIGN Act do not apply to court documents.  See note 2, supra; 15 U.S.C. 7003(b)(1).

Nevertheless, Mr. Bains did not seek the Court's <u>prior</u> approval to use DocuSign-generated signatures in place of original manual signatures. The failure to do so strongly suggests that Mr. Bains acted with gross negligence.

Thus, the imposition of a sanction is appropriate.

### IV. CONCLUSION

Based on the foregoing, the UST requests that this Court:

- Impose a sanction upon Mr. Bains;[4] and

- Grant such other relief as the Court deems just and proper.

Executed in Sacramento, California on May 3, 2016.

                                                                             Respectfully submitted,

                                                                             TRACY HOPE DAVIS
                                                                             UNITED STATES TRUSTEE

                                                                             By:/s/ Jason Blumberg_____
                                                                             JASON BLUMBERG

                                                                             Office of the United States Trustee
                                                                             501 "I" Street, Suite 7-500
                                                                             Sacramento, CA 95814-2322
                                                                             Direct Phone: (916) 930-2076
                                                                             Fax: (916) 930-2099
                                                                             E-mail: Jason.blumberg@usdoj.gov

---

[4] The UST believes that a nominal sanction is appropriate. The UST suggests that the Court require Mr. Bains to complete the on-line training entitled "How to e-File in the eCalWebFiling Website," which the Court offers on its website.