BANKRUPTCY LAW GROUP, PC
Chad M. Johnson, SBN: 232417
Pauldeep Bains, SBN: 268004
1851 Heritage Lane, Suite 298
Sacramento, CA 95815
Tel: 916-678-5000
Fax: 888-843-7260
PaulB@BankruptcyLG.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT COURT OF CALIFORNIA

In re:

Stanley Mayfield

Debtor(s).

Case No: 16-22134-D-7
Chapter: 07
DCN: UST-1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE REPLY TO THE MOTION OF THE UNITED STATES TRUSTEE FOR IMPOSITION OF SANCTIONS**

Date: June 15, 2016
Time: 10:00 A.M.
Judge: Honorable Robert Bardwil
Courtroom: 6th Floor, Court Rm 34, Dept D

Pauldeep Bains, an attorney employed at the law firm Bankruptcy Law Group, P.C. ("BLG"), in support of the "Reply to the Motion of the United States Trustee for Imposition of Sanctions" ("Reply") filed concurrently herewith, hereby submits this Memorandum of Points and Authorities in Support of the Reply to the Motion of the United States Trustee for Imposition of Sanctions ("Memorandum") denying the allegation of the United States Trustee ("UST") that Mr. Bains violated Local Rule 9004-1(c).

**RELEVANT FACTS & HISTORY**

1. On April 7, 2016, at 8:26 A.M., Mr. Bains received an email from Irma H. Garcia requesting copies of the signatures in the above-entitled matter. The email states that Irma H. Garcia is a Legal Data Tech for the UST.

2. On April 7, 2016, at 12:48 P.M., Mr. Bains replied to Ms. Garcia in an email with an attachment containing the original manual signatures in the above-entitled manner. Please see filed as **EXHIBIT 1** (docket entry number 15) the PDF document that was sent to Ms. Garcia at 12:48 P.M., which bears the original manual signatures of Stanley Mayfield ("Debtor"). These are the same documents that were filed in this case as the: Chapter 7 Voluntary Petition Individual (Docket

#1), and Master Address List (Docket #3).

3. Moreover, on April 15, 2016, at 4:16 P.M., Mr. Bains sent the UST (in particular, Antonia Darling, Irma Garcia, and Judy Hotze) a declaration signed by the Debtor in which he attested to the fact that he did intend to and actually did sign the original documents filed in this case and the method in which he did so. Please see filed as **EXHIBIT 7** (docket entry number 15) the signed declaration of Debtor attesting to the validity of the signatures attained in this case.

## LEGAL ANALYSIS

In this Memorandum, Mr. Bains and BLG rely on the Local Rules of the United States Bankruptcy Court, Eastern District of California, as did the UST. In pertinent part, Local Bankruptcy Rule 9004-1(c)(1)(B)(i) states *"Signatures of persons other than the registered user may be indicated by either: (i) submitted a scanned copy of the originally signed document."* Thus, as long as Mr. Bains submitted a "scanned copy of the originally signed document" to the Court, no violation of Local Rule 9004-1(c) occurred. The analysis must turn on whether the document Mr. Bains submitted to the Court (Dockets #1, 3 and 4) (and upon their request, to the UST) was the original and whether it was signed by Debtor. Mr. Bains submits to the Court that the documents at reference were both signed by Debtor and they were the originals of that document, thus complying with Local Bankruptcy Rule 9004-1(c)(1)(B)(i) and therefore proving that the UST's Motion be denied.

1. **Mr. Bains filed with the Court the original document**

The term "original" is defined by Federal Rules of Evidence 1001(d), which states:

> *"An "original" of a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by the person who executed or issued it. For electronically stored information, "original" means any printout — or other output readable by sight — if it accurately reflects the information. An "original" of a photograph includes the negative or a print from it."*

Per the above rule, the documents filed with the court (Dockets #1, 3 and 4) and later provided to the UST upon request (refer to **EXHIBIT 1**) was indeed "the writing…itself or any counterpart intended to have the same effect by the person who executed or issued it". The PDF that was populated upon Debtor completing his signing is the same PDF that was forwarded to the UST on 4/7/2016. Moreover, the Debtor's intentions are clear and concisely laid out in the declaration dated 4/14/2016, which was sent to the UST on 4/15/16 and is now encompassed in this matter as **EXHIBIT 7**. Thus, the document that Mr. Bains filed with the court and later forwarded to Irma H. Garcia of the UST on 4/7/2016 at 12:48 PM is the "original" as defined by Federal Rules of Evidence 1001(d).

2. **Mr. Bains filed with the Court the document signed by Debtor**

We must now determine if the marks the Debtor made on each signature line by clicking the "Sign Here" button (refer to **EXHIBIT 7**) are considered "signatures". To assist in this analysis, we must review 1 U.S.C. § 1, which states in pertinent part, *"In determining the meaning of any Act of Congress, unless the context indicates otherwise-"signature" or "subscription" includes a mark when the person making the same intended it as such."* Thus, in determining if Debtor's marks are actually "signatures", we must focus our attention on the intent of the Debtor (i.e. did the Debtor intend for what is shown on **EXHIBIT 1** be considered his signature?). Moreover, California Code of Civil Procedure § 2009 states that *"An affidavit may be used to verify a pleading or paper..."* Thus, it is clear that after reading the filed affidavit (**EXHIBIT 7**), we can be certain that the Debtor intended each mark that was created after he clicked the "Sign Here" button to be his signature[1]. The person doing the signing (i.e. Stanley Mayfield) has by a signed affidavit under penalty of perjury stated that he did so intend for the marks created each time he clicked the "Sign Here" button to be his signature. This meets the statutory definition of the term "signature" and the analysis could end here.

However, to further the analysis as to whether the documents were <u>signed</u> by the Debtor, we can also consider commonly used definitions of the term "signature". The website *collinsdictionary.com* defines signature as *"the name of a person or a mark or sign representing his name, marked by himself or by an authorized deputy"*. Moreover, *dictionary.thefreedictionary.com* defines "signature" as *"a mark or sign made by an individual on an instrument or document to signify knowledge, approval, acceptance, or obligation."* Moving our attention back to the filed exhibits, the Debtor has made it clear that the signatures on **EXHIBIT 1** through his signed affidavit in **EXHIBIT 7** is his name or a mark representing his name, marked by himself. Furthermore, it is also shown through **EXHIBIT 7** that the

---

[1] Debtor went through each page that required his signature and each page requied a separate and distinct act (rather than one click and all signature pages are auto signed) and intent for his signature to be placed on that page. Exhibit 7, Paragraph 10: "There was a "Sign Here" button on the signature line which I clicked in order to have my signature placed on that line. I was able to see my signature on the **Verification of Master Address** page and fully intended that to be adopted as my actual signature for this page." Paragraph 11: "I clicked the "Sign Here" button on the signature line for the **Statement of Social Security Page** and saw my signature placed on the signature line. I fully intended that to be adopted as my actual signature for this page." Paragraph 12: "I clicked the "Sign Here" button on the signature line for the **Voluntary Petition** and saw my signature placed on the signature line. I fully intended that to be adopted as my actual signature for this page." Paragraph 13: "I clicked the "Sign Here" button on the signature line for the **Declaration About an Individual Debtor's Schedules** and saw my signature placed on the signature line. I fully intended that to be adopted as my actual signature for this page." Paragraph 14: "I clicked the "Sign Here" button on the signature line for the **Statement of Financial Affairs for Individuals Filing for Bankruptcy** and saw my signature placed on the signature line. I fully intended that to be adopted as my actual signature for this page." Paragraph 15: "I clicked the "Sign Here" button on the signature line for page 2 of **Chapter 7 Statement of Your Current Monthly Income** and saw my signature placed on the signature line. I fully intended that to be adopted as my actual signature for this page." Paragraph 16: "I clicked the "Sign Here" button on the signature line for page 2 of **Statement of Intention for Individuals Filing Under Chapter 7** and saw my signature placed on the signature line. I fully intended that to be adopted as my actual signature for this page."

"mark or sign" that he made, signified his knowledge, approval, and acceptance of the document. Thus, not only is it proven that the Debtor signed the documents through an analysis of the United States Code, but also through commonly used definitions.

Now, the crux of the argument of the UST seems to rely on is the method in which Debtor signed the documents. One can infer from their argument that the UST believes the "signing" need be done on a paper with a pen. However, such a restriction is not contained in the statute or in the Local Rules of the Eastern District of California Bankruptcy Court[2].

Nothing in 1 U.S.C. § 1 requires that the signature be created with pen on a sheet of paper. Per 1 U.S.C. § 1:

> *"In determining the meaning of any Act of Congress, unless context indicates otherwise-*
>
> *"writing" includes printing and typewriting and reproductions of visual symbols by photographing, multigraphing, mimeographing, manifolding, or otherwise."*

Moreover, Federal Rules of Evidence § 1001(a) states *"a "writing" consists of letters, words, numbers, or their equivalent set down in any form.*

Finally, California Evidence Code § 250 mimics these definitions by stating:

> *"Writing" means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored."*

There is no statute or Local Rule in this Court which restricts a "writing" to something done on a paper with a pen. Thus, the Debtor's signature is no less a writing and a signature since it was completed on a computer. As long as the elements of signature are met, no consideration to the fact that the computer was used to sign the document need deny its full legal effect.

Reiterating the above statements, the UST's argument and focus then turns to Local Rule 9004-

---

2 Counsel has reviewed the Local Rules in this Court and in other courts and after a thorough review, only the Northern District of California contains such an excessive restriction. "In the case of a Signatory who is not a Registered Participant, as in the case of documents requiring multiple signatures or documents signed by a third party such as a debtor, the filing of the document constitutes the filer's attestation that the filer has possession of (i) an **original ink signature,** (ii) a copy of the **original ink signature** that has been electronically scanned, or (iii) a copy of the **original ink signature** transmitted by facsimile. The filer shall maintain records to support this attestation for subsequent production to the Court, if so ordered, or for inspection upon request by a party, until five years after the case or adversary proceeding in which the document was filed is closed." Local Rule 5005-2(d). All other Courts have used language less restrictive, similar to this Court i.e. "Original Signature". The UST has not shown where in Local Rule 9004-1(c) the Court requires the "signature" to be done with the use of a pen on a sheet of paper.

1(d). However, this rule does not apply if 9004-1(c)(1)(B)(i) has been satisifed. Mr. Bains has complied with Local Bankruptcy Rule 9004-1(c)(1)(B)(i), which states *"Signatures of persons other than the registered user may be indicated by either: (i) submitted a scanned copy of the originally signed document.* The documents that were filed in this case (and in turn sent to the UST upon their request), were both the original of the documents and were signed by the Debtor himself.

Since Mr. Bains did comply with Local Rule 9004-1(c)(1)(B)(i) the analysis should again end there. However, the UST argues that Local Rule 9004-1(d) is relevant in this discussion. Mr. Bains submits that such an argument is incorrect because as long as the requirements of Local Rule 9004-1(c)(1)(B)(i) are met, we never arrive at Local Rule 9004-1(d). We understand that the Court is not in the business of entering Orders on the basis of hypotheticals[3], however, we feel that it is necessary that we show to the Court that even if we do arrive at Local Rule 9004-1(d), Mr. Bains still abided by the requirements of Local Rule 9004-1(d), showing that no violation by Mr. Bains has occurred.

3. **The documents provided to the UST and filed with the Court contained the original manual signature of Debtor**

The pertinent part of Local Rule 9004-1(d) states:

> *For the purpose of this Rule, the image of an original manual signature appearing on a facsimilie (fax) copy, or appearing in a software generated copy such as a document created in the "portable document format" (PDF), filed pursuant to this Rule shall constitute an original signature for all court purposes.*

Thus, again, we must read the Rules created by this Bankruptcy Court as to be very carefully drafted with what words are used. The Court was very particular with what words were used and for the purposes of this rule require the "image of an original manual signature" to satisfy the Rule. Again, no definition is provided for the term "original manual signature" so we must rely on commonly used definitions[4]. It has already been shown through the use of the United States Code and commonly used definitions that the document was in fact the original and signed by the Debtor. The only thing that is left to show is whether the document was signed in a "manual" process.

In order to define the term manual, we must understand the meaning of the Plain Meaning Rule.

---

[3] On Page 3, Paragraph 6, of the UST's Motion, the UST supplies another hypothetical by posing the question "What if, for instance, a debtor denies signing a document and instead claims that a spouse, child, or roommate had access to the debtor's computer or email account?" Again, this carries no weight as it just a hypothetical. However, if the Court does want to entertain the UST's hypothetical, **EXHIBIT 7** alleviates any possibility that the Debtor did not actually sign the document himself. He has signed under penalty of perjury a Declaration stating that it was in fact him that signed the documents.

[4] However, it is clear that in the construction of this Local Rule, this Court did not impose the same restriction that the Northern District has by requiring the signature to be with "ink". No such terminology is contained in Local Rule 9004-1(c).

The Plain Meaning Rule can be defined by looking at U.S. Supreme Court - Caminetti v. U.S., 242 U.S. 470, 37 S. Ct. 192 (1917), which states *"...the meaning of the statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, ... the sole function of the courts is to enforce it according to its terms."* The Supreme Court has often been cited to say that if the language of a statute is plain and unambiguous, it must be applied according to its terms. Thus, we must read the Local Rules of this Bankruptcy Court with the same belief that the plain meaning of the terms, unless defined through the rules to be something different, must be used.

That being said, our analysis must focus on whether the signatures were manually done by the Debtor himself. Again, we must rely on the commonly accepted definitions of the term "manual" to see if the document that Mr. Bains forwarded to the UST on 4/7/2016 at 12:48 PM contained an <u>original</u> (defined above) "<u>manual</u>" <u>signature</u> (defined above).

Several sources have various definitions of the term "manual" but the majority of them are similar at the core. As we understand these sources are not from a legal code, we still feel that the following sources provide a solid basis of understanding as to what the word "manual" actually means. The website *dictionary.com* defines the term manual as *"done, operated, worked, etc., by hand or hands rather than by an electrical or electronic device."* The website *merriam-webster.com* defines the term manual as *"of or relating to the use of hands"* or *"operated or controlled with the hands or by a person"*. Finally, the website *legal-dictionary.thefreedictionary.com,* to which the main source is *West's Encyclopedia of American Law, Edition 2,* defines the term manual as *"by use of the hands, hand-operated, not automated, not automatic..."*

After reviewing the plain language definition of the term "manual" from several different sources, it is clear that they are rooted with a similar definition. It would be our analysis that to be considered "manual", the task must be done with the use of your own hands and cannot be done automatically. For example, a vehicle that contains a six-speed manual transmission requires the shifting of gears to be "manually" done for each gearshift. The driver must change each gear with his/her own hands from each gear to the next. On the other hand, an automatic transmission will switch from gear-to-gear in an automated process once the driver places the vehicle in "drive".

Referring back to **EXHIBIT 7**, it is clear that the Debtor "manually" clicked the "Sign Here" button for each of the seven signatures that are so required. The process was not an automated process wherein one click of the mouse populated the seven signatures for the Debtor. Here, the Debtor manually signed the filed petition and related documents on seven separate occasions. For each signature, he manually inserted his signature/mark upon the signature line. Under no definition of the

term "manual" is the UST's assertion supported. Thus, we submit that the PDF document sent to the UST on 4/7/2016 at 12:48 PM (and filed with the Court as docket entry numbers 1, 3 and 4) was not only the "original" of the document, was "signed" by the Debtor himself, and also the process that the Debtor engaged in was a "manual" process.

## CONCLUSION

In conclusion, Mr. Bains has shown that he has complied with the Local Rules, the United States Code, case law, and commonly used definitions of the terms at issue and that no violation of Local Rule 9004-1(c) has occurred. The UST has not provided a countering definition of any of the terms at issue, mainly the terms signature and manual, or how what Mr. Bains has done in this case does not fit within those guidelines. The UST has relied on the Local Rules 9004-1(d) which Mr. Bains submits does not apply as he has complied with 9004-1(c)(1)(B)(i). However, even if this Court were to entertain the UST's argument, Mr. Bains has also shown that he abided by Local Rule 9004-1(d) as well.

Mr. Bains has read and understands the carefully drafted Local Rules of this Court as well as other Courts. In particular, Mr. Bains has broken down and shown to the Court how he did not violate Local Bankruptcy Rule 9004-1(c), in particular through his analysis on how he abided by Local Bankruptcy Rule 9004-1(c)(1)(B)(i).

At this time, we urge the Court to deny the UST's Motion because it is clear through an analysis of this Court's own Local Rules, the United States Code, and other statutory guidelines, no violation of Local Rule 9004-1(c) has occurred.

WHEREFORE, Mr. Pauldeep Bains and BLG respectfully request: The Motion of the United States Trustee for Imposition of Sanctions be denied.

DATED: 5/31/2016          By: _____
                               Pauldeep Bains, Esq.
                               Bankruptcy Law Group, PC


                          By:    /s/ Chad M Johnson
                               _____
                               Chad Johnson, Esq.
                               Bankruptcy Law Group, PC