Case 16-22134   Filed 06/07/16   Doc 23

6
**JASON BLUMBERG, NY State Bar No. 4055257**
Trial Attorney
ANTONIA G. DARLING, State Bar No. 76190
Assistant United States Trustee
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814-2322
(916) 930-2100 / Fax (916) 930-2099
Antonia.Darling@usdoj.gov
Jason.blumberg@usdoj.gov

Attorneys for United States Trustee,
Region 17, Tracy Hope Davis

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 16-22134-D-7 |
| | DC No.: UST-1 |
| **STANLEY MAYFIELD,** | Date: June 15, 2016 |
| | Time: 10:00 a.m. |
| | Dept.: D |
| Debtor. | Courtroom: 34 |
| _____/ | |

**UNITED STATES TRUSTEE'S REPLY IN SUPPORT**
**OF HER MOTION FOR IMPOSITION OF SANCTIONS**

The United States Trustee for the Eastern District of California (the "**UST**") hereby submits this reply in support of her motion (docket no. 10) (the "**Motion**") for an order imposing sanctions against Pauldeep Bains, Esq. ("**Counsel**"), for violating Local Bankruptcy Rule 9004-1(c), and in response to Counsel's opposition to the Motion (docket no. 19) (the "**Opposition**"). For her reply, the UST respectfully states as follows:

1

1. The "signatures" for the Debtor on his Petition, Schedules and Statements (docket no. 1) (the "**Bankruptcy Documents**") were not made by the Debtor or placed there by the Debtor's own hand.[1]

2. Rather, the signatures were created and affixed to the Bankruptcy Documents by the **DocuSign** service. See Exhibit 7 to the Motion (docket no. 15), at pp. 380-83 (¶¶ 9, 11-16); Memorandum of Points and Authorities in support of the Opposition (docket no. 20) (the "**Opposition MPA**"), at p.3 n.1.

3. Nevertheless, Counsel contends that the Bankruptcy Documents – with the DocuSign-generated signatures – constitute "originally signed document[s]" under Local Bankruptcy Rule 9014-(1)(c)(1)(B)(i). See Opposition, at p.1 (lines 24 to 27); Opposition MPA, at p.2 (lines 11-15); Counsel's Declaration (docket no. 21), at ¶ 15.

4. For the reasons below, the UST disagrees.

**A.   A "Signature" Requirement Commonly Means a *Handwritten* Name or Mark.**

5. In Becker v. Montgomery, 532 U.S. 757 (2001), the Supreme Court addressed the signature requirement of Fed. R. Civ. P. 11(a). The Becker Court held that a pro se prisoner's typed name did not satisfy the signature requirement. Id. at 763-64. In so holding, the Becker Court recognized that the common meaning of a signature requirement is a person's handwritten name or mark. See id. at 764 ("As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or mark handplaced).") (emphasis added).[2]

---

[1] The Bankruptcy Documents were filed as Exhibit 1 to the Motion. See docket no. 15.

[2] While the Becker Court acknowledged that the signature requirement "can be adjusted to keep pace with technological advances," it was "not disposed to extend the meaning of the word 'signed'" without a "rule change so ordering." 532 U.S. and 763-64.

6. Counsel's Opposition does not address <u>Becker</u>. Counsel instead points to two "commonly used" definitions of the word "signature." The definitions, however, acknowledge that, to qualify as a signature, the Debtor's name or mark must be "marked by himself" or must be "made by an individual on an instrument or document." <u>See</u> Opposition MPA, at p.3 (lines 13-18).[3]

7. The problem is this: the Debtor did not "make" the signatures on his Bankruptcy Documents. DocuSign's software did. Thus, neither "commonly used" definition advances Counsel's position. In fact, the definitions are consistent with the <u>Becker</u> Court's recognition that a signature requirement commonly means a handwritten name or mark.[4]

**B.    The Context of the "Originally Signed Document" Requirement Confirms that a Handwritten Signature is Necessary.**

8. Any ambiguity about the meaning of an "originally signed document" is easily resolved by the phrase's context. <u>Cf.</u> <u>Direct Mktg. Ass'n v. Brohl</u>, 135 S. Ct. 1124, 1132 (2015) ("To resolve this ambiguity, we look to the context in which the word is used.").

9. Under subpart (B) of Local Rule 9004-1(c)(1), if a "software-generated electronic signature" is used in place of an "originally signed document" or a "scanned copy of the signature page(s)," then subparts (C) and (D) of Local Rule 9014-1(c)(1) apply. <u>See</u> Local Rule 9004-1(c)(1)(B)(iii).

---

[3]    The definition from *collinsdictionary.com* admittedly includes marks made "by an authorized deputy." <u>See</u> Opposition MPA, at p.3 (lines 14-16). If adopted by the Court, that phrase would seemingly permit debtors to authorize their attorneys, spouses, or any other third-party to sign documents on their behalf. The UST does not understand Counsel to be advocating what would be a sweeping departure from current practice. <u>See</u> <u>Feezor v. Stockton</u>, 2013 WL 5486831, at *3-4 (E.D. Cal. Sept. 30, 2013) (disregarding plaintiff's declaration, where plaintiff's signature was affixed to the document by his counsel).

[4]    Counsel's reliance on 1 U.S.C. § 1 also fails to advance his position. Even assuming its applicability, that provision also suggests that a person's signature must be made by that person. <u>See</u> 1 U.S.C. § 1 ("<u>unless the context indicates otherwise</u> … 'signature' … includes a mark when <u>the person making the same</u> intended it as such.") (emphasis added).

10. Subpart (C) of Local Rule 9004-1(c)(1), in turn, provides that:

> [t]he use of "/s/ Name" or a <u>software-generated electronic signature</u> on documents constitutes the registered user's representation that an <u>originally signed copy of the document</u> exists and is in the registered user's possession at the time of filing.

<u>See</u> Local Rule 9004-1(c)(1)(C) (emphasis added).

11. As the foregoing demonstrates, the Local Rules make a clear distinction between an "originally signed document" and a document with a "software-generated electronic signature." When a "software-generated electronic signature" is used, the e-filer must represent that he or she possesses an <u>originally signed copy</u> of the document at the time of filing. There is no such requirement when an e-filer files an "originally signed document."

12. Here, the DocuSign-created signatures on the Bankruptcy Documents are nothing more than "software-generated electronic signature[s]." As such, they cannot be "originally signed documents."[5]

## C. **A Narrow Interpretation of the Meaning of an "Originally Signed Document" Protects Debtors and the Integrity of the Bankruptcy System.**

13. A debtor's signature is not a trivial matter. The signature on the Petition is the debtor's consent to the bankruptcy filing. <u>See</u> <u>In re Phillips</u>, 306 B.R. 655, 659 (Bankr. E.D. Mo. 2004). The signature is also the debtor's declaration under penalty of perjury that the information in the Petition, Schedules and Statements is true and correct. <u>See</u> Fed. R. Bank. P. 1008.

---

[5] Further support for the UST's position is found in Local Rule 9014-1(d), which equates an "image of an original <u>manual</u> signature" to an original signature. <u>See</u> Local Rule 9014-1(d) (emphasis added). Counsel incorrectly contends that "under no definition of the term 'manual' is the UST's assertion supported." <u>See</u> Opposition MPA, at pp. 6:28-7:1. Notably, the definition of "manual" from *dictionary.com* (as cited by Counsel) indicates that "manual" means "done … by hand or hands <u>rather than by an electrical or electronic device</u>." <u>See</u> Opposition MPA, at p.6 (lines 13-14) (emphasis added).

14. False declarations can result in the denial of a debtor's discharge. See 11 U.S.C. § 727(a)(4)(A). False declarations can even result in criminal prosecution. See 18 U.S.C. § 152(a)(3).

15. The requirement that e-filing attorneys possess handwritten signatures helps ensure the authenticity of documents filed with the Court. Cf. Becker, 532 U.S. at 764 ("The local rules on electronic filing provide some assurance, as does a handwritten signature, that the submission is authentic."). Thus, a narrow interpretation of the meaning of an "originally signed document" protects both debtors and the integrity of the bankruptcy system.

16. In this case, the UST does not doubt that Counsel reviewed the Bankruptcy Documents with the Debtor and that the Debtor approved the documents before they were filed. The fact remains, however, that Counsel is advancing an interpretation of the Local Rules that would treat software-generated electronic signatures as original signatures. This interpretation would almost certainly increase the possibility of confusion and mischief in the signature process (especially when less scrupulous e-filers are involved).[6]

///

///

///

---

[6] For instance, debtors faced with a denial of discharge action may deny signing documents and instead claim that a spouse, child or roommate had access to the debtor's computer or email account, or that the email with the DocuSign link was sent or forwarded to someone other than the debtor. The availability of the original signature may be vitally important to overcome such a defense.

**WHEREFORE**, the UST respectfully requests that the Court grant the Motion and impose sanctions against Counsel.

Executed in Sacramento, California on June 7, 2016.

                                        Respectfully submitted,

                                        TRACY HOPE DAVIS
                                        UNITED STATES TRUSTEE

                                        By:/s/ Jason Blumberg
                                        JASON BLUMBERG

                                        Office of the United States Trustee
                                        501 "I" Street, Suite 7-500
                                        Sacramento, CA 95814-2322
                                        Direct Phone: (916) 930-2076
                                        Fax: (916) 930-2099
                                        E-mail: Jason.blumberg@usdoj.gov