BANKRUPTCY LAW GROUP, PC
Chad M. Johnson, SBN: 232417
Pauldeep Bains, SBN: 268004
1851 Heritage Lane, Suite 298
Sacramento, CA 95815
Tel:  916-678-5000
Fax: 888-843-7260
PaulB@BankruptcyLG.com

Attorneys for Debtor(s)
Stanley Mayfield

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Stanley Mayfield<br><br>Debtor(s). | Case No: 16-22134-D-7<br>Chapter: 07<br>DCN: UST-1<br><br>**SUPPLEMENTAL REPLY TO THE MOTION OF THE UNITED STATES TRUSTEE FOR IMPOSITION OF SANCTIONS**<br><br>Date: June 15, 2016<br>Time: 10:00 A.M.<br>Judge: Honorable Robert Bardwil<br>Courtroom: 6th Floor, Court Rm 34, Dept D |

    Pauldeep Bains, an attorney employed at the law firm Bankruptcy Law Group, P.C. ("BLG"), hereby submits this "Supplemental Reply to the Motion of the United States Trustee for Imposition of Sanctions" after reviewing the United States Trustee's Reply in Support of her Motion for Sanctions ("UST Reply").

    We submit that the UST is incorrect in the assumption that the Local Rules require the signature to be with a pen on a paper. The UST has not provided sufficient evidence or persuasive argument that the Local Rules have such a restrictive requirement as allowing only the instrument of a pen for a signature to be valid. Again, Mr. Bains has shown in the Memorandum of Points and Authorities (specifically, footnote 2 on page 4 – Docket Entry 20) where the Northern District does make that additional specific restriction and requires the signature to be with "ink". However, the Local Rules of this Court, which are in line with the great majority of other District Courts, do not have such a significant restriction. The UST has failed to point the Court to where the Local Rules require the signature to be with ink on a physical piece of paper making only the use of a pen the acceptable method of obtaining a signature.

The next argument the UST relies on in their reply is the position that "Debtor did not "make" the signatures on his Bankruptcy Documents. DocuSign's software did". Again, there is no support to that supposition. The Debtor has signed a declaration under penalty of perjury stating that he did make the marks (refer to **EXHIBIT 7**, docket entry 15) on each signature line. The UST's argument is without legs. The Debtor engaged in the act for every signature of clicking the mouse with the intent of what appeared on the signature line to be his signature. He is clear in his Declaration. The software of DocuSign was the tool, much like a pen, pencil, stamp or stylist, which he used to complete each signature. This method is analogist as one who signs a document with a pen on a piece of paper, both required an act which creates the signers mark with intent that it be his signature. In that analogy, the Debtor would be using the pen, which would be the tool used to draw the signature, which would appear on the paper. Here, the Debtor used the program DocuSign, which was the tool used to draw the signature, which appeared on the paper. Again, the UST has not shown in these Local Rules where the only "tool" permitted to be used to complete a valid signature is a pen.

Moreover, on page 3 of the UST Reply, Footnote 3, the UST mentions a portion of a definition of the term "signature" to include "by an authorized deputy". We are in no way insinuating that the above would be valid. We make no arguments that state that the debtor could permit the attorney to sign on his behalf.

Furthermore, the UST uses Becker v Montgomery, 532 U.S. 757 (2001), to address the definition of the term "signature". However, the facts of the Becker case are distinguishable to this current issue. In the Becker case, Mr. Becker admittedly typed his name on the line that called for the "Counsel of Applicant". Mr. Becker did not intend that to be his signature. He was under the impression that his name needed to be typed/written on that line and that is what he did. He did not believe the document required a signature. There are no facts presented in the Becker case that state that Becker intended that to be his signature. The documents that Mr. Becker filled out did not specifically say "sign here" or "signature" so it is clear that he was not intending that to be his signature. The issue in that case was whether the Notice of Appeal required a signature. The Court addressed the issue of whether the typed name was a signature as dicta. The Court in Becker stated: "We do not doubt that the signature requirement can be adjusted to keep pace with technological advances". This opinion was issued in 2001 just one year after congress passed the ESign Act codified in 15 USC § 7001-7006. It has been 15 years since the Becker case in which there have been technological advances concerning the validity of signatures. It would be a stretch to say that the Becker Court intended to forever restrict valid signatures to those executed with pen. The Becker court even

went on to look to local rules in determining the validity of the signature. Here, when we look to the Local Rules of this Court, we submit that the signatures in this case do comply with our Local Rules.

It is important to note as well that the Debtor did not just type his name on the Bankruptcy Documents, as was the case in Becker. The Debtor clearly knew that his signature needed to be placed on each signature line and through his actions, intended his marks to be his signatures. Thus, even though the Becker decision stated that Mr. Becker's typed name was not a signature, that does not further support the UST's position with the facts of this case.

In addition, the UST supplies some additional "definitions" of the term signature on page 4, paragraph (C)(13), of the UST Reply. Mr. Bains agrees with the UST that the "signature is not a trivial matter". Those definitions, in fact, counteract the UST's position and help support Mr. Bains' position. It is clear through **EXHIBIT 7** that Debtor "consented to the bankruptcy filing". Moreover, it is also shown through the same exhibit that Debtor declared "under penalty of perjury that the information in the Petition, Schedules, and Statements is true and correct". None of the requirements that the UST laid out in paragraph (C)(13) of page 4 of the UST Reply have been violated and they have actually been clearly met.

The UST references Local Rule 9004-1(c)(1) and the rules use of the words "software-generated electronic signatures". It is imperative that a distinction is made between the Local Rule and the statutory definition of an electronic signature. The Local Rule, when read as a whole with its plain meaning, is talking about /s/ Name or software-generated electronic signature. It is clear by the plain meaning that this is in reference to a signature placeholder, one that can be put by anyone, including someone other than the signer. Whereas the statutory definition of an electronic signature is found in 15 USC § 7006(5) "*The term "electronic signature" means an electronic sound, symbol, or process, attached to or logically associated with a contract or other record and executed or adopted by a person with the intent to sign the record.*" The Debtor's signatures meet the statutory definition and are not simply placeholder as is meant by the plain meaning of Local Rule 9004-1(c)(1).

Finally, the UST lays out a hypothetical that is not applicable to the facts of this case. Again, we understand that the Court is not in the business of making rulings on hypothetical situations, however, we feel that is important that we mention it in this reply. On page 5, footnote 6, of the UST Reply, the UST poses a situation where the debtor denies signing the documents. That is not relevant to the facts of this case. The Debtor has never denied signing the documents. Mr. Bains and the Debtor should not be penalized because the UST feels that a Debtor "could" deny signing the documents. This is always a possibility regardless of the instrument used to sign a document.

The Local Rules are clearly written and no requirement of the Local Rule restricts the signature to be made with ink on a sheet of paper (i.e. with a pen). Mr. Bains should not be penalized because the UST has not seen a document signed in this method. The UST's position could carry weight had our Local Rules been as restrictive as those of the Northern District's but they are not. This Court's Local Rules do not say that it must be signed with a pen to a piece of paper. Mr. Bains has abided by each and every Local Rule of this Court.

Mr. Bains has concisely shown the process that occurred and how everything that was done fits within the confines of the Local Rules. The UST is attempting to unilaterally add additional requirements to our Local Rules and penalize Mr. Bains for not abiding by these additional requirements. The Court should deny the UST's Motion.

WHEREFORE, Mr. Pauldeep Bains and BLG respectfully request:
The Motion of the United States Trustee for Imposition of Sanctions be denied.

DATED: 6/8/16                    By:     /s/ Pauldeep Bains
                                         Pauldeep Bains, Esq.
                                         Bankruptcy Law Group, PC



                                 By:     /s/ Chad Johnson
                                         Chad Johnson, Esq.
                                         Bankruptcy Law Group, PC