# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

---

**Case Title :**  STANLEY MAYFIELD        **Case No :**  16-22134-D-7
                                          **Date :**     7-13-16
                                          **Time :**     10:00 A.M.

**Matter :**    ]10] CONTINUED MOTION FOR SANCTIONS [UST-1]

**Judge :**                **Robert Bardwil**
**Courtroom Deputy :**     **Nancy Williams**
**Reporter :**             **DIAMOND REPORTERS**
**Department :**           **D**

---

**APPEARANCES for:**
**Movant(s) :**
    ATTORNEY JASON BLUMBERG FOR U.S. TRUSTEE
**Respondent(s) :**
    ATTOENEY PAUL BAINES AND CHAD JOHNSON FOR DEBTOR

---

## CIVIL MINUTES

**MOTION WAS GRANTED**

**ORDER TO BE PREPARED BY ATTORNEY BLUMBERG**

```
        Final ruling:

        This is the motion of the United States Trustee (the "UST") for
imposition of sanctions against attorney Pauldeep Bains ("Counsel")
for violating LBR 9004-1(c).₁  Counsel has filed opposition, the UST
has filed a reply, and Counsel has filed a supplemental reply.  For
the following reasons, the motion will be granted.

        Counsel, as counsel for the debtor in this case, filed the
petition, schedules, statement of financial affairs, statement of
current monthly income, statement of intention, verification of master
address list, and statement of social security number, all with
signatures that had been created by the debtor using an electronic
service called DocuSign.  In other words, the debtor never put pen to
paper to sign these documents.  The UST contends this procedure
```

violated Rule 9004-1(c)(1)(C) and (D) because the DocuSign affixation is a software-generated signature and Counsel, as the registered user filing the documents, did not accurately represent that originally signed copies of the documents existed and were in his possession at the time of filing, as required by Rule 9004-1(c)(1)(C), and could not have produced and did not produce the originally signed documents for review when requested by the UST, as required by Rule 9004-1(c)(1)(D), because originally signed documents never existed.  Thus, the issue presented here is whether the DocuSign affixation is a software-generated electronic signature for the purpose of Rule 9004-1(c).

Counsel engages in some rather strenuous mental gymnastics to support his position that the affixation created by DocuSign is an original signature and not a software-generated electronic signature for purposes of the local rule.[2]  He begins with the evidence rule definition of an "original" writing – "the writing . . . itself or any counterpart intended to have the same effect by the person who executed or issued it."  Fed. R. Evid. 1001(d).  He also cites 1 U.S.C. § 1, which states that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise- . . . 'signature' or 'subscription' includes a mark when the person making the same intended it as such . . . ."  Finally, he cites two dictionary definitions of "signature" as a "mark or sign" made by an individual to represent his name or to signify knowledge, approval, acceptance, or obligation.  These rule, statute, and dictionary definitions all focus on the intent of the person making the mark or sign.

Therefore, Counsel has had the debtor sign a declaration in which the debtor testifies he intended and expected the affixation he caused DocuSign to place on the documents by clicking the "Sign Here" button to be adopted and treated as his actual signature.  The debtor adds he finds the DocuSign process to be secure and convenient.  The declaration bears the debtor's signature in cursive handwriting; it is dated a week after the UST requested Counsel produce copies of the debtor's original wet signatures.

Most of Counsel's arguments deriving from the rule, statutory, and dictionary definitions depend on the declaration:  "the Debtor's intentions are clear and concisely laid out in the declaration"; "it is clear that after reading [the declaration], we can be certain that the Debtor intended each mark that was created after he clicked the 'Sign Here' button to be his signature"; "the Debtor has made it clear that the signatures on [the petition and other documents] through his signed [declaration] is his name or a mark representing his name, marked by himself."  Counsel's Memo., DN 20, at 2:25-26, 3:8-10, 3:18-20.

The declaration belies the arguments.  If Counsel were correct that the DocuSign affixation complied with the local rule, the declaration would have been unnecessary and Counsel would not need to depend on it to support his position.  The local rule is designed to enable the court and parties-in-interest to rely on the signatures on

the petition, schedules, and other documents as the debtor's original signatures without need of a subsequent declaration with a handwritten signature confirming the debtor's intent. When the debtor's signatures on the documents are in his own handwriting, the need for a subsequent declaration concerning his intent is eliminated absent a genuine suspicion that the handwritten signatures were forged.

This brings the court to another important problem with Counsel's arguments: they do not address the ease with which a DocuSign affixation can be manipulated or forged. The UST asks what happens when a debtor denies signing a document and claims his spouse, child, or roommate had access to his computer and could have clicked on the "Sign Here" button. Counsel's response is telling: "[The declaration] alleviates any possibility that the Debtor did not actually sign the document himself. He has signed under penalty of perjury a Declaration stating that it was in fact him that signed the documents." Memo. at 5, n.3. Again, had the debtor simply signed the documents in his own handwriting, the declaration would have been unnecessary. The essential point is that an individual's handwritten signature is less easily forged than any form of software-generated electronic signature, and the presence of forgery is more easily detected and proven.

The flaw appears clearly when Counsel's position is considered in connection with a typewritten name on a signature line: the name may well have been typed by the debtor and intended by him to represent his signature, and if so, under Counsel's analysis, it would satisfy the local rule. Yet it may also have been typed by someone else and not intended by the debtor to be his signature, and the person reviewing the document, critically, cannot tell the difference.

Counsel relies on the court's use of the term "manual" in Rule 9004-1(d) as demonstrating the court's intent that "the image of an original manual signature" on a fax copy or PDF document includes not just the image of a signature made with a pen but also the image of a DocuSign affixation. Citing three dictionary definitions, Counsel concludes "manual" means "done with the use of your own hands [and not] automatically" (Memo. at 6:20-21); he adds that the debtor used his own hand to click on the "Sign Here" button, as the debtor testified in his declaration. Counsel finds it important that DocuSign requires a separate "Sign Here" click for each signature rather than allowing one click to populate the signature lines on all the documents, which he claims would be an "automated process." This distinction is strained at best, and here again, the argument would apply equally to a name typed on a signature line by the debtor using his own hands, one key at a time, which Counsel does not suggest would comply with the local rule.

Counsel's analysis fails for another important reason: the rule makes a distinction between an "originally signed document" and a "software-generated electronic signature." Under Rule 9004-1(c)(1)(C), if a registered user files a document with a software-

generated electronic signature of someone else, the filer certifies an originally signed document exists and is in the filer's possession. Under the rule, the "software-generated signature" must be something different from the document bearing the "original signature." Otherwise, it would not be separately identified in the local rule, and there would be no reason for the requirement that the filer retain possession of the "original signature" if that same document had already been scanned and electronically filed.  If Counsel's position were correct, the rule would make no sense.[3]

In an effort to overcome this conclusion, Counsel contrives his own personal definition of "software-generated electronic signature," as used in the local rule, and purports to distinguish it from "electronic signature," as defined in the ESIGN Act, 15 U.S.C. §§ 7001-7031.  A DocuSign affixation, he claims, is the latter not the former; thus, it complies with the local rule.  In Counsel's view, the "plain meaning" of "software-generated electronic signature" in the local rule is "a signature placeholder, one that can be put by anyone, including someone other than the signer" (Counsel's Supp. Reply, DN 25, at 3:20-21), as distinguished from an "electronic signature," as defined in the ESIGN Act.[4]  Counsel's distinction does not work for the reasons already discussed and because the ESIGN Act does not apply to documents filed in bankruptcy cases and its definitions have no bearing on the interpretation of the court's local rules.

The ESIGN Act provides that "with respect to any transaction in or affecting interstate or foreign commerce–(1) a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form."  15 U.S.C. § 7001(a)(1).  However, that provision does not apply to "court orders or notices, or official court documents (including briefs, pleadings, and other writings) required to be executed in connection with court proceedings."  15 U.S.C. § 7003(b)(1).  Further, DocuSign's website itself states that the Act "grants legal recognition to electronic signatures and records, if all parties to a contract choose to use electronic documents and to sign them electronically."  U.S. electronic signature laws and history. docusign.com/esign-act-and-ueta. Web 17 June 2016.  A bankruptcy case is not a contract where all parties have agreed to use electronic signatures.

The court finds that a DocuSign affixation is a software-generated electronic signature, as distinguished in the local rule from an originally signed document.  Although DocuSign affixations and other software-generated electronic signatures may have a place in certain commercial and other transactions, they do not have a place as substitutes for wet signatures on a bankruptcy petition, schedules, statements, and other documents filed with the court, and they do not comply with this court's local rule.  The court agrees with the UST that requiring attorneys to maintain their clients' handwritten signatures "helps ensure the authenticity of documents filed with the Court."  UST's Reply, DN 23, at 5:4-5.

Treating software-generated electronic signatures as original signatures would, as the UST contends, "increase the possibility of confusion and mischief in the signature process (especially where less scrupulous e-filers are involved)" (id. at 5:15-16), whereas distinguishing them helps to protect the integrity of the bankruptcy system.5  The convenience of the debtor and the debtor's attorney pales when put up against the need to protect the integrity of the documents filed in bankruptcy cases.  Put simply, documents with the significant legal effects of a bankruptcy petition and related documents, especially documents signed under the penalty of perjury, must, absent contrary rules adopted by a higher rule-making authority, be signed in ink, and the attorney or party presenting them for filing must retain and produce the pages bearing the original signatures in accordance with the local rule.

    For the reasons stated, the court intends to grant the motion and impose the penalty the UST suggests – Counsel will be ordered to complete the online e-filing training on the court's website and to file a declaration verifying that he has done so.  The court will hear the matter.

_____

1    Unless otherwise indicated, all rule references are to this court's local rules.

2    At best, Counsel's interpretation is aggressive if not strained. It would have been prudent for Counsel to seek a determination from the court as to what the local rule requires rather than taking it on himself to make the determination.

3    Counsel makes much of the fact that the local rule of the bankruptcy court for the Northern District of California uses the term "original ink signature," whereas this court's rule does not.  Counsel incorrectly concludes that the absence of the word "ink" in this court's rule authorizes the use of a DocuSign affixation as an "original signature."  The argument has virtually no relevance to the analysis of this court's local rule.

4    The Act defines an "electronic signature" as "an electronic sound, symbol, or process, attached to or logically associated with a contract or other record and executed or adopted by a person with the intent to sign the record."  15 U.S.C. § 7006(5).

5    Counsel notes that the debtor in this case "has never denied signing the documents."  Supp. Reply at 3:25.  Therefore, in Counsel's view, he and the debtor "should not be penalized because the UST feels that a Debtor 'could' deny signing the documents."  Id. at 3:25-26.  This argument assumes the rules governing signatures on bankruptcy documents may appropriately differ on a case-by-case basis, an option the court obviously rejects.